John L. Burris, Esq./SBN 69888
Ben Nisenbaum, Esq./SBN 222173
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
(510) 839-5200 office
(510) 839-382 fax

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABEL BEL MONTEZ; ISABEL BEL MONTEZ, Guardian Ad Litem for I.G and J.G. minors; JOSEPH GARCIA SR.: ESTATE OF JOSEPH GARCIA,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>CITY OF STOCKTON, a municipal corporation; CITY OF STOCKTON POLICE DEPARTMENT; BLAIR ULRING in his capacity as CHIEF OF POLICE for the CITY OF STOCKTON POLICE DEPARTMENT; DOES 1-100, inclusive; individually and in their capacities as POLICE OFFICERS for CITY OF STOCKTON POLICE DEPARTMENT.<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　／ | Case No.<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS. JURY TRIAL DEMANDED** |

JURISDICTION

1.　This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 42 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged herein occurred in the CITY OF STOCKTON, California, which is within this judicial district.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES - 1

## PARTIES

2. Plaintiff herein, J.G. ("CHILD OF THE DECEDENT") was and was at all times herein mentioned readily recognizable as a Hispanic-American and is a citizen of the United States residing in San Joaquin County in California.

3. Plaintiff herein, I.G. ("CHILD OF THE DECEDENT") was and was at all times herein mentioned readily recognizable as a Hispanic-American and is a citizen of the United States residing in San Joaquin County in California.

4. Plaintiff herein, ISABEL BEL MONTEZ, mother of the decedent, ("PLAINTIFF") is and was at all times herein mentioned readily recognizable as a Hispanic-American and is a citizen of the United States residing in San Joaquin County in California.

5. Plaintiff herein, ISABEL BEL MONTEZ, Guardian ad litem for J.G and I.G., ("PLAINTIFF'S") is and was at all times herein mentioned readily recognizable as Hispanic-Americans and is citizens of the United States, residing in San Joaquin County in California.

6. Plaintiff herein, JOSE GARCIA SR., father of the decedent, ("PLAINTIFF") is and was at all times herein mentioned readily recognizable as a Hispanic-American and is a citizen of the United States residing in San Joaquin County in California.

7. Defendant, City of Stockton, ("DEFENDANT") is a municipal corporation, duly organized and existing under the laws of the State of California.

8. Defendant, City of Stockton Police Department, ("CITY") is a municipal entity, duly organized and existing under the laws of the State of California

9. At all times mentioned herein, Defendant Blair Ulring, in his capacity as CHIEF OF POLICE for the City of Stockton ("DEFENDANT") was employed by CITY as a Chief. He is being sued individually and in his official capacity as chief

10. Plaintiff's are ignorant of the true names and capacities of Defendants DOES 1 through 25, inclusive, and therefore sues these defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff's as set forth herein.

Plaintiffs will amend their complaint to state the names and capacities of DOES 1-25, inclusive, when they have been ascertained.

11. In engaging in the conduct described herein, Defendant officers acted under the color of law and in the course and scope of their employment with the City. Defendant is liable for the wrongful acts of its defendant officers alleged herein under principles of respondeat superior. In engaging in the conduct described herein, Defendant officers exceeded the authority vested in them as officers under the United States and California Constitutions and as police officers employed by Defendant CITY.

12. For State causes of action related to Federal claims, Plaintiffs are required to comply with an administrative claim requirement under California law. Plaintiffs have complied with all applicable requirements.

## STATEMENT OF FACTS

13. The incident took place on October 3, 2009 at St. Mary's Homeless Shelter where Joseph Garcia, Jr. had been residing for two weeks.

14. Mr. Garcia had signed into the shelter but returned back to the front of the building to smoke with other residents.

15. Mark, the night manager, was told that Mr. Garcia was out front smoking and that Mr. Garcia already signed in. Signing in meant that Mr. Garcia was required to stay in the building and only smoke in the back yard. Mark decided that it would be better to call the police instead of confronting Mr. Garcia himself.

16. Mr. Garcia was still standing out in front of the building with the other residents, when the officers arrived. Two officers exited their vehicle and approached to Mr. Garcia.

17. One of the officers handcuffed Mr. Garcia and began to search him.

18. Mr. Garcia was then placed in the back a police cruiser and taken to the jail at French Camp.

19. While being transported between the shelter and the jail, Mr. Garcia suffered massive facial bruising as well as a large gash under one of his eyes.

20. The Officers stated that Mr. Garcia was banging his head on the window.

21. When the officers arrived at the jail with Mr. Garcia, the medical staff told the officers that Mr. Garcia was not fit for incarceration due to the severe wounds on his face.

22. The Officers were escorting Mr. Garcia back to the police vehicle, when he allegedly became combative.

23. The officers responded by slamming Mr. Garcia to the ground and restraining him physically. Mr. Garcia then lost consciousness and became unresponsive.

24. The officers called an ambulance. Mr. Garcia was pronounced dead upon arrival at the San Joaquin General Hospital.

### FIRST CAUSE OF ACTION
(42 U.S.C. Section 1983)
(Against Defendant and DOES 1-10)

25. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 24 of this Complaint.

26. In doing the acts complained of herein, Defendants and DOES 1 through 10, inclusive, and/or each of them, acted under color of law to deprive Plaintiffs of certain constitutionally protected rights, including, but not limited to:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

c. The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

d. The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution; and/or,

    e.    The right to be free from interference within the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution;

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
(42 U.S.C. section 1983)

27. Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 26 of this Complaint.

28. As against Defendants and/or DOES 11-25 in his/their capacity as official policy-maker(s) for SAN JOAQUIN COUNTY, Plaintiff further alleges that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of SAN JOAQUIN COUNTY Sheriff's Department tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens.

29. Plaintiffs are further informed and believe and thereon allege that the acts and omissions alleged herein are the direct and proximate result of the deliberate indifference of Defendants, DOES 11-25, and each of them, to repeated acts of police misconduct which were tacitly authorized, encouraged or condoned by the Defendants, DOES 11-25, and each of them.

30. The injuries and damages to Plaintiffs as alleged herein were the foreseeable and proximate result of said customs, policies, patterns and/or practices of Defendants, DOES 11-25, and each of them.

31. Plaintiffs are further informed and believe and thereon allege that the damages sustained as alleged herein were the direct and proximate result of municipal customs and/or policies of deliberate indifference in the training, supervision and/or discipline of members of the Defendant.
.

32. Plaintiffs are further informed and believe and upon such information and belief allege that Plaintiff's damages and injuries were caused by customs, policies, patterns or practices of Defendant, DOES 11-25, and each of them, of deliberate indifference in the training, supervision and/or discipline of Defendant, DOES 1-10, and/or each of them.

33. The aforementioned customs, policies or practices of Defendants, DOES 11-25, and each of them, resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to, the following:

   a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

   b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

   c. The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

   d. The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution; and/or,

   e. The right to be free from interference within the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution.

34. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
(Assault and Battery)

35. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 34 of this Complaint.

36. Defendants and DOES 1-10, inclusive, placed Plaintiffs in immediate fear of death and severe bodily harm.

37. The defendants' conduct was neither privileged nor justified under statute or common law.

38. As a proximate result of defendants' conduct, Plaintiffs suffered damages as hereinafter set forth.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
(Wrongful Death)

49. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 42 of this Complaint.

40. The conduct of Defendants and DOES 1 through 10, inclusive, as set forth herein, wrongfully, recklessly, and negligently caused the decedent to die.

41. As a proximate result of Defendants' wrongful, reckless, and negligent conduct, the decedent suffered a wrongful death.

42. Therefore, Plaintiffs are entitled to an award of punitive damages as against said defendants. Plaintiffs have suffered damages as hereinafter set forth.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)

43. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 42 of this Complaint.

44. The conduct of Defendants and DOES 1 through 10, inclusive, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society. Defendants committed these extreme and outrageous acts with the intent to inflict severe mental and emotional distress upon Plaintiffs.

45. As a proximate result of Defendants' willful, intentional and malicious conduct, plaintiffs suffered severe and extreme mental and emotional distress. Therefore, Plaintiffs are entitled to an award of punitive damages as against said defendants. Plaintiffs have suffered damages as hereinafter set forth.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
(Negligent Infliction of Emotional Distress)

46. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 45 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

47. The wrongful conduct of Defendants and DOES 1 through 10, inclusive, as set forth herein, constitutes negligent conduct done with conscious disregard for the rights of Plaintiffs.

48. As a proximate result of Defendant officers' negligent conduct, Plaintiffs have suffered severe emotional and mental distress, having a traumatic effect on Plaintiffs' emotional tranquility.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### SEVENTH CAUSE OF ACTION
(Violation of Civil Code Section 51.7)

49. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 48 of this complaint.

50.   Plaintiff is informed and believes and thereon alleges that the conduct of Defendants and DOES 1 through 10, inclusive, as described herein, was motivated by racial prejudice against Plaintiffs.  Plaintiffs are and were readily recognizable as African-American.  In engaging in such conduct, Defendants violated Plaintiffs' rights under California Civil Code Section 51.7 to be free from violence, or intimidation by threat of violence committed against them because of their race.

51.   Under the provisions of California Civil Code Section 52(b), Defendants are liable for each violation of Civil Code Section 51.7 for punitive damages, an additional $25,000.00, and for reasonable attorney's fees.

52.   As a proximate result of Defendants' wrongful conduct, Plaintiffs suffered damages as hereinafter set forth.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### EIGHTH CAUSE OF ACTION
(Violation of Civil Code Section 52.1)

53.   Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 52 of this Complaint.

54.   The conduct of Defendants and DOES 1 through 10, inclusive, as described herein, acting in the course and scope of their employment for Defendant, violated California Civil Code Section 52.1, in that they interfered with Plaintiffs' exercise and enjoyment of their civil rights and failed to make a proper or reasonable arrest of Plaintiff.

55.   As a direct and proximate result of Defendants' violation of Civil Code Section 52.1, Plaintiffs suffered violation of their constitutional rights, and suffered damages as set forth herein.

56.   Since this conduct occurred in the course and scope of their employment, Defendant, City of Stockton Police Department is therefore liable to Plaintiffs pursuant to respondeat superior.

57. Plaintiffs are entitled to injunctive relief and an award of their reasonable attorney's fees pursuant to Civil Code Section 52.1(h).

WHEREFORE, Plaintiffs pray for relief, as hereinafter set forth.

### NINTH CAUSE OF ACTION
(Negligence)

58. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 57 of this complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

59. At all times herein mentioned, Defendant officers and DOES 1 through 10, inclusive, were subject to a duty of care to avoid causing unnecessary physical harm and distress to persons through their use of force and making of arrests.  The wrongful conduct of Defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable persons, proximately causing plaintiffs to suffer injuries and damages as set forth herein.  Pursuant to Government Code Section 815.2(a), Defendant is vicariously liable to Plaintiffs for their injuries and damages suffered as alleged herein, incurred as a proximate result of the aforementioned wrongful conduct of Defendants.

60.  As a proximate result of Defendants' negligent conduct, Plaintiffs suffered severe physical injury, severe emotional and mental distress, injury having a traumatic effect on Plaintiffs' emotional tranquility, and damages.

WHEREFORE, Plaintiffs prays for relief as hereinafter set forth.

### TENTH CAUSE OF ACTION
(Negligent Hiring, Retention, Training, Supervision, and Discipline)

61.     Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 59 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

62.     At all times herein mentioned, defendant City of Stockton Police Department by and through its supervisory employees and agents, and DOES 11-25, inclusive, has and had a mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its police officers so as to avoid unreasonable risk of harm to citizens.  With deliberate indifference and DOES 11-25, inclusive, failed to take necessary, proper, or adequate measures in order to prevent the violation of plaintiffs' rights and injury to said plaintiffs. DEFENDANT and DOES 11-25, inclusive, breached their duty of care to citizens in that DEFENDANT and DOES 11-25, inclusive, failed to adequately train its police officers, including Defendants and DOES 1-10, inclusive, in the proper and reasonable use of force, the proper and reasonable making of arrests, and treating citizens in a manner that is not racially discriminatory, and/or failed to have adequate policies and procedures regarding the proper and reasonable use of force, the proper and reasonable making of arrests, and treating citizens in a manner that is not racially discriminatory.  This lack of adequate supervisorial training, and/or policies and procedures demonstrates the existence of an informal custom or policy of promoting, tolerating, and/or ratifying the continuing use of excessive and unreasonable force by police officers employed by City of Stockton Police Department, the continuing failure to make proper and reasonable arrests by police officers employed by City of Stockton Police Department and continuing racially discriminatory behavior towards citizens by police officers employed by the City of Stockton Police Department.

63. As a proximate result of defendants and DOES 11-25, inclusive negligent conduct, plaintiffs suffered severe physical injury, severe emotional and mental distress, injury having a traumatic effect on Plaintiffs' emotional tranquility, and suffered damages.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## JURY DEMAND

64. Plaintiffs hereby demand a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1. For general damages in a sum of $1,000,000.00;
2. For special damages in a sum according to proof;
3. For punitive damages in a sum according to proof;
4. For injunctive relief enjoining DEFENDANT City of Stockton Police Department from authorizing, allowing, or ratifying the practice by any police officer employee of DEFENDANT from using excessive and unreasonable force against persons, pursuant to California Civil Code Section 52.1;
5. For violation of California Civil Code Sections 52 and 52.1, statutory damages, and reasonable attorney's fees;
6. For violation of California Civil Code Section 52(b), punitive damages against Defendant police officers, $25,000.00 for each offense and reasonable attorney's fees;
7. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;
8. For cost of suit herein incurred; and
9. For such other and further relief as the Court deems just and proper.

Dated:  November 19, 2010                    **The Law Offices of John L. Burris**

/s/ Ben Nisenbaum
Ben Nisenbaum
Attorney for Plaintiff