```
JOHN M. LUEBBERKE City Attorney
State Bar No. 164893
LORI M. ASUNCION, Deputy City Attorney
State Bar No. 238240
425 N. El Dorado Street, Second Floor
Stockton, California 95202
Telephone: (209) 937-8333
Facsimile: (209) 937-8898

Attorneys for Defendants
```

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABEL BEL MONTEZ; ISABEL BEL MONTEZ, Guardian Ad Litem for I.G. AND J.G., minors; JOSEPH GARCIA SR.: ESTATE OF JOSEPH GARCIA,<br>  Plaintiffs,<br>vs.<br>CITY OF STOCKTON, a municipal corporation; CITY OF STOCKTON POLICE DEPARTMENT; BLAIR ULRING in his capacity as CHIEF OF POLICE for the CITY OF STOCKTON POLICE DEPARTMENT; DOES 1-100, Inclusive; individually and in their capacities as POLICE OFFICERS for CITY OF STOCKTON POLICE DEPARTMENT,<br>  Defendants. | CASE NO. 2:10-CV-03149 MCE-EFB<br><br>**DEFENDANTS CITY OF STOCKTON, CITY OF STOCKTON POLICE DEPARTMENT, AND BLAIR ULRING'S ANSWER TO COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS**<br><br>**[DEMAND FOR JURY TRIAL]** |

COMES NOW Defendants CITY OF STOCKTON (hereinafter "CITY"), CITY OF STOCKTON POLICE DEPARTMENT (hereinafter "SPD") and BLAIR ULRING (hereinafter "Ulring") (also hereinafter collectively referred to as "Defendants") and in answer to the Complaint for Damages for Violation of Civil Rights of Plaintiffs ISABEL BEL MONTEZ, ISABEL BEL MONTEZ, Guardian Ad Litem for I.G. and J.G., minors, and JOSEPH GARCIA, SR.: ESTATE OF JOSEPH GARCIA

1

---

DEFENDANTS CITY OF STOCKTON, ET AL.'S ANSWER TO COMPLAINT FOR DAMAGES

(hereinafter "Plaintiffs") admit, deny, and allege as follows:

## JURISDICTION

1. Defendants deny that any unlawful acts and practices alleged herein occurred in the City of Stockton but admit venue is proper as alleged in paragraph 1.

## PARTIES

2. Defendants lack information sufficient to admit or deny the allegations contained in paragraph 2, and, on that ground, deny each and every allegation contained in paragraph 2.

3. Defendants lack information sufficient to admit or deny the allegations contained in paragraph 3, and, on that ground, deny each and every allegation contained in paragraph 3.

4. Defendants lack information sufficient to admit or deny the allegations contained in paragraph 4, and, on that ground, deny each and every allegation contained in paragraph 4.

5. Defendants lack information sufficient to admit or deny the allegations contained in paragraph 5, and, on that ground, deny each and every allegation contained in paragraph 5.

6. Defendants lack information sufficient to admit or deny the allegations contained in paragraph 6, and, on that ground, deny each and every allegation contained in paragraph 6.

7. Defendant City admits that it is a governmental entity duly organized and existing under the laws of the State of California.

8. Defendant SPD denies that it is a municipal entity, duly organized and existing under the laws of the State of California. Defendant SPD admits that it is a subsidiary of the City of Stockton, a municipal entity, duly organized and existing

under the laws of the State of California.

9. Defendant Ulring admits that he was the Chief of Police for the City of Stockton on October 3, 2009. Defendant Ulring lacks information sufficient to admit or deny the remaining allegations contained in paragraph 9, and, on that ground, denies the remaining allegations contained in paragraph 9.

10. Defendants lack information sufficient to admit or deny the allegations contained in paragraph 10, and, on that ground, deny the allegations contained in paragraph 10.

11. Defendants deny each and every allegation contained in paragraph 11.

12. Defendants admit that Plaintiffs filed a claim with the City of Stockton on or about March 31, 2010, alleging the wrongful death of Joseph Garcia, Jr. and listing the following injuries: violation of rights, psychological injuries, pain and suffering, emotional distress, medical expenses, civil penalties, and exemplary and punitive damages; however, Defendants lack sufficient information to admit or deny the remaining allegations contained in paragraph 12, and, on that ground, deny each and every remaining allegation contained in paragraph 12.

## STATEMENT OF FACTS

13. Defendants admit that on October 3, 2009, Stockton police officers were dispatched to 611 W. Church Street in Stockton, California, in response to a reported disturbance at that location. Defendants lack sufficient information to admit or deny the remaining allegations contained in paragraph 13, and, on that ground, deny each and every remaining allegation contained in paragraph 13.

DEFENDANTS CITY OF STOCKTON, ET AL.'S ANSWER TO COMPLAINT FOR DAMAGES

14. On information and belief, Defendants lack sufficient information to admit or deny the allegations contained in paragraph 14, and, on that ground, deny each and every allegation contained in paragraph 14.

15. On information and belief, Defendants lack sufficient information to admit or deny the allegations contained in paragraph 15, and, on that ground, deny each and every allegation contained in paragraph 15.

16. On information and belief, Defendants lack sufficient information to admit or deny the allegations contained in paragraph 16 and, on that ground, deny each and every allegation contained in paragraph 16.

17. On information and belief, Defendants lack sufficient information to admit or deny the allegations contained in paragraph 17 and, on that ground, deny each and every allegation contained in paragraph 17.

18. On information and belief, Defendants lack sufficient information to admit or deny the allegations contained in paragraph 18 and, on that ground, deny each and every allegation in paragraph 18.

19. On information and belief, Defendants lack sufficient information to admit or deny the allegations contained in paragraph 19 and, on that ground, deny each and every allegation contained in paragraph 19.

20. On information and belief, Defendants lack information sufficient to admit or deny the allegations contained in paragraph 20 and, on that ground, deny each and every allegation in paragraph 20.

DEFENDANTS CITY OF STOCKTON, ET AL.'S ANSWER TO COMPLAINT FOR DAMAGES

1 | **DAMAGES**

2 | 21.  Defendants deny each and every allegation contained in
3 | paragraph 21.

4 | 22.  Defendants deny each and every allegation contained in
5 | paragraph 22.

6 | 23.  Defendants deny each and every allegation contained in
7 | paragraph 23.

8 | 24.  Defendants deny each and every allegation contained in
9 | paragraph 24.

10 | **FIRST CAUSE OF ACTION**

11 | 25.  Defendants' answers to the preceding paragraphs are
12 | hereby incorporated by reference.

13 | 26.  Defendants deny each and every allegation pertaining to
14 | Defendants contained in paragraph 26.  As to those allegations
15 | pertaining to Does 1-10, Defendants lack sufficient information
16 | to admit or deny those allegations and, on that ground, deny each
17 | and every allegation against Does 1-10 contained in paragraph 26.

18 | **SECOND CAUSE OF ACTION**

19 | 27.  Defendants' answers to the preceding paragraphs are
20 | hereby incorporated by reference.

21 | 28.  Defendants deny each and every allegation pertaining to
22 | Defendants contained in paragraph 28.  As to those allegations
23 | pertaining to Does 11-25, San Joaquin County, and the San Joaquin
24 | County Sheriff's Department, Defendants lack sufficient
25 | information to admit or deny those allegations and, on that
26 | ground, deny each and every allegation against Does 11-25,
27 | San Joaquin County, and the San Joaquin County Sheriff's
28 | Department contained in paragraph 28.

DEFENDANTS CITY OF STOCKTON, ET AL.'S ANSWER TO COMPLAINT FOR DAMAGES

29. Defendants deny each and every allegation pertaining to Defendants contained in paragraph 29. As to those allegations pertaining to Does 11-25, Defendants lack sufficient information to admit or deny those allegations and, on that ground, deny each and every allegation against Does 11-25 contained in paragraph 29.

30. Defendants deny each and every allegation pertaining to Defendants contained in paragraph 30. As to those allegations pertaining to Does 11-25, Defendants lack sufficient information to admit or deny those allegations and, on that ground, deny each and every allegation against Does 11-25 contained in paragraph 30.

31. Defendants deny each and every allegation contained in paragraph 31.

32. Defendants deny each and every allegation pertaining to Defendants contained in paragraph 32. As to those allegations pertaining to Does 1-10 and Does 11-25, Defendants lack sufficient information to admit or deny those allegations and, on that ground, deny each and every allegation against Does 1-10 and Does 11-25 contained in paragraph 32.

33. Defendants deny each and every allegation pertaining to Defendants contained in paragraph 33. As to those allegations pertaining to Does 11-25, Defendants lack sufficient information to admit or deny those allegations and, on that ground, deny each and every allegation against Does 11-25 contained in paragraph 33.

34. Defendants lack sufficient information to admit or deny the allegations in paragraph 34 and on that ground, deny each and

every allegation contained in paragraph 34.

### THIRD CAUSE OF ACTION

35. Defendants' answers to the preceding paragraphs are hereby incorporated by reference.

36. Defendants deny each and every allegation pertaining to Defendants contained in paragraph 36. As to those allegations pertaining to Does 1-10, Defendants lack sufficient information to admit or deny those allegations and, on that ground, deny each and every allegation against Does 1-10 contained in paragraph 36.

37. Defendants deny each and every allegation contained in paragraph 37.

38. Defendants deny each and every allegation pertaining to Defendants contained in paragraph 38. As to those allegations pertaining to Plaintiffs' damages, Defendants lack information sufficient to admit or deny those allegations and, on that ground, deny each and every allegation pertaining to Plaintiffs' damages contained in paragraph 38.

### FOURTH CAUSE OF ACTION

49(sic). Defendants' answers to the preceding paragraphs are hereby incorporated by reference.

40. Defendants deny each and every allegation pertaining to Defendants contained in paragraph 40. As to those allegations pertaining to Does 1-10, Defendants lack sufficient information to admit or deny those allegations and, on that ground, deny each and every allegation against Does 1-10 contained in paragraph 40.

41. Defendants deny each and every allegation pertaining to Defendants contained in paragraph 41.

///

DEFENDANTS CITY OF STOCKTON, ET AL.'S ANSWER TO COMPLAINT FOR DAMAGES

1     42.   Defendants deny each and every allegation pertaining to
2  Defendants contained in paragraph 42. As to those allegations
3  pertaining to Plaintiffs' damages, Defendants lack information
4  sufficient to admit or deny those allegations and, on that
5  ground, deny each and every allegation pertaining to Plaintiffs'
6  damages contained in paragraph 42.

### FIFTH CAUSE OF ACTION

8     43.   Defendants' answers to the preceding paragraphs are
9  hereby incorporated by reference.
10    44.   Defendants deny each and every allegation pertaining
11 to Defendants contained in paragraph 44.  As to those allegations
12 pertaining to Does 1-10, Defendants lack sufficient information
13 to admit or deny those allegations and, on that ground, deny each
14 and every allegation against Does 1-10 contained in paragraph 44.
15    45.   Defendants deny each and every allegation pertaining to
16 Defendants contained in paragraph 45. As to those allegations
17 pertaining to Plaintiffs' damages, Defendants lack information
18 sufficient to admit or deny those allegations and, on that
19 ground, deny each and every allegation pertaining to Plaintiffs'
20 damages contained in paragraph 45.

### SIXTH CAUSE OF ACTION

22    46.   Defendants' answers to the preceding paragraphs are
23 hereby incorporated by reference.
24    47.   Defendants deny each and every allegation pertaining
25 to Defendants contained in paragraph 47.  As to those allegations
26 pertaining to Does 1-10, Defendants lack sufficient information
27 to admit or deny those allegations and, on that ground, deny each
28 and every allegation against Does 1-10 contained in paragraph 47.

DEFENDANTS CITY OF STOCKTON, ET AL.'S ANSWER TO COMPLAINT FOR DAMAGES

1  48. Defendants deny each and every allegation pertaining to Defendants contained in paragraph 48. As to those allegations pertaining to Plaintiffs' damages, Defendants lack information sufficient to admit or deny those allegations and, on that ground, deny each and every allegation pertaining to Plaintiffs' damages contained in paragraph 48.

**SEVENTH CAUSE OF ACTION**

49. Defendants' answers to the preceding paragraphs are hereby incorporated by reference.

50. Defendants deny each and every allegation pertaining to Defendants contained in paragraph 50. As to those allegations pertaining to Does 1-10, Defendants lack sufficient information to admit or deny those allegations and, on that ground, deny each and every allegation against Does 1-10 contained in paragraph 50.

51. Defendants lack information sufficient to admit or deny the allegations in paragraph 51 and, on that ground, deny each and every allegation contained in paragraph 51.

52. Defendants lack information sufficient to admit or deny the allegations in paragraph 52 and, on that ground, deny each and every allegation contained in paragraph 52.

**EIGHTH CAUSE OF ACTION**

53. Defendants' answers to the preceding paragraphs are hereby incorporated by reference.

54. Defendants deny each and every allegation pertaining to Defendants contained in paragraph 54. As to those allegations pertaining to Does 1-10, Defendants lack sufficient information to admit or deny those allegations and, on that ground, deny each and every allegation against Does 1-10 contained in paragraph 54.

1    55.   Defendants deny each and every allegation pertaining to Defendants contained in paragraph 55. As to those allegations pertaining to Plaintiffs' damages, Defendants lack information sufficient to admit or deny those allegations and, on that ground, deny each and every allegation pertaining to Plaintiffs' damages contained in paragraph 55.

56.   Defendants, in particular Defendant SPD, deny each and every allegation contained in paragraph 56.

57.   Defendants lack information sufficient to admit or deny the allegations in paragraph 57 and, on that ground, deny each and every allegation contained in paragraph 57.

### NINTH CAUSE OF ACTION

58.   Defendants' answers to the preceding paragraphs are hereby incorporated by reference.

59.   Defendant SPD admits that its officers have a duty of care to avoid causing unnecessary physical harm and distress in the course of making an arrest and that Government Code section 815.2(a) speaks to a public entity's liability for the acts of its employees in the scope of their employment if the act or omission would apart from that section have given rise to a cause of action against that employee or his personal representative, however, Defendants, in particular Defendant SPD, deny each and every remaining allegation contained in paragraph 59.

60.   Defendants deny each and every allegation pertaining to Defendants contained in paragraph 60. As to those allegations pertaining to Plaintiffs' damages, Defendants lack information sufficient to admit or deny those allegations and, on that ground, deny each and every allegation pertaining to Plaintiffs'

DEFENDANTS CITY OF STOCKTON, ET AL.'S ANSWER TO COMPLAINT FOR DAMAGES

damages contained in paragraph 60.

## TENTH CAUSE OF ACTION

61. Defendants' answers to the preceding paragraphs are hereby incorporated by reference.

62. Defendant SPD admits that it had a duty to properly and adequately hire, train, retain, supervise, and discipline its police officers; however, Defendants, in particular Defendant SPD, deny each and every remaining allegation pertaining to Defendants contained in paragraph 62. As to those allegations pertaining to Does 1-10 and Does 11-25, Defendants lack sufficient information to admit or deny those allegations and, on that ground, deny each and every allegation against Does 1-10 and Does 11-25 contained in paragraph 62.

63. Defendants deny each and every allegation pertaining to Defendants contained in paragraph 63. As to those allegations pertaining to Does 11-25, Defendants lack information sufficient to admit or deny those allegations and, on that ground, deny each and every allegation against Does 11-25 contained in paragraph 63. As to those allegations pertaining to Plaintiffs' damages, Defendants lack information sufficient to admit or deny those allegations and, on that ground, deny each and every allegation pertaining to Plaintiffs' damages contained in paragraph 63.

## JURY DEMAND

64. Defendants request a jury trial in this matter.

## PRAYER

As to the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth and Tenth Causes of Action and Plaintiffs' separate prayer for relief, Defendants deny each and every

DEFENDANTS CITY OF STOCKTON, ET AL.'S ANSWER TO COMPLAINT FOR DAMAGES

request and allegation contained in those paragraphs, and pray that Plaintiffs recover nothing.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint on file herein fails to state facts sufficient to constitute a cause of action against these answering Defendants or any of them.

### SECOND AFFIRMATIVE DEFENSE

All events in connection with the incident alleged in the Plaintiffs' Complaint and any resulting injuries or damages therefrom were contributed to and proximately caused by the negligence of the Plaintiffs' decedent, in that the Plaintiffs' decedent failed to exercise ordinary care for his own safety under the circumstances, thereby barring the Plaintiffs from any recovery.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiffs, through the exercise of reasonable effort, could have mitigated their amount of damages, if any there were, but Plaintiffs have failed and refused, and continue to fail and refuse to exercise a reasonable effort in seeking to mitigate damages.

### FOURTH AFFIRMATIVE DEFENSE

These answering Defendants and each of them acted in good faith and did not directly or indirectly perform any acts whatsoever which would constitute a violation of any state or federal right possessed by the Plaintiffs and/or their decedent.

///

///

DEFENDANTS CITY OF STOCKTON, ET AL.'S ANSWER TO COMPLAINT FOR DAMAGES

**FIFTH AFFIRMATIVE DEFENSE**

These answering Defendants and each of them acted in good faith and did not directly or indirectly perform any acts whatsoever which would constitute a breach of any duty owed to the Plaintiffs and/or their decedent.

**SIXTH AFFIRMATIVE DEFENSE**

These answering Defendants and each of them are not liable for any punitive damages in that these answering Defendants have never taken any action with a willful or conscious disregard of the Plaintiffs and/or their decedent's rights, have not engaged in any despicable conduct with respect to the Plaintiffs and/or their decedent, nor have any of these answering Defendants performed or omitted any act which would constitute intentional misrepresentation, deceit, or concealment of a material fact with the intention of depriving the Plaintiffs and/or their decedent of property, legal rights, or causing injury.

**SEVENTH AFFIRMATIVE DEFENSE**

At all times relevant to this litigation, the acts or omissions of these answering Defendants or any of them were done while exercising due care in the execution or enforcement of a law thereby precluding the Plaintiffs and/or their decedent from any recovery from these answering Defendants or any of them.

**EIGHTH AFFIRMATIVE DEFENSE**

At all times relevant to this litigation, the Plaintiffs and/or their decedent consented, either expressly or impliedly, to any such acts or conduct as may be shown on the part of these answering Defendants or any of them.

///

DEFENDANTS CITY OF STOCKTON, ET AL.'S ANSWER TO COMPLAINT FOR DAMAGES

**NINTH AFFIRMATIVE DEFENSE**

The acts and/or omission of third person(s) and/or entity(ies), negligent or otherwise, proximately caused or contributed to the loss and/or damage, if any, Plaintiffs and/or their decedent sustained or may sustain. Therefore, any liability should be reduced in proportion to the fault of third person(s) and/or entity(ies), including without limitation any non-economic losses or injuries caused by such third person(s) and/or entity(ies).

**TENTH AFFIRMATIVE DEFENSE**

At no time relevant to this litigation did the Plaintiffs and/or their decedent sustain any violation of their civil rights pursuant to a governmental habit, custom, or practice thereby precluding the Plaintiffs and/or their decedent from maintaining their causes of action for violations of their civil rights pursuant to respondeat superior.

**ELEVENTH AFFIRMATIVE DEFENSE**

At all times relevant to this litigation, these answering Defendants and each of them acted in good faith and with probable cause and entertained an honest, reasonable belief that these answering Defendants' actions were reasonable and necessary thereby precluding the Plaintiffs and/or their decedent from maintaining any causes of action for violation of their civil rights.

**TWELFTH AFFIRMATIVE DEFENSE**

At all times relevant to this litigation, these answering Defendants and each of them acted in good faith and with probable cause, with the honest, reasonable belief that such actions were

DEFENDANTS CITY OF STOCKTON, ET AL.'S ANSWER TO COMPLAINT FOR DAMAGES

1 reasonable and necessary, and at no time did any of these
2 answering Defendants know or should any of these answering
3 Defendants have known that the action taken within the sphere of
4 these answering Defendants' official responsibility would violate
5 the constitutional rights of the Plaintiffs and/or their
6 decedent, and the Plaintiffs and/or their decedent are thereby
7 precluded from maintaining their causes of action for violation
8 of their civil rights.

### THIRTEENTH AFFIRMATIVE DEFENSE

10   A public employee is not liable for injury caused by his
11 instituting or prosecuting any judicial or administrative
12 proceeding within the scope of his employment, even if he acts
13 maliciously and without probable cause.  (Gov. Code, § 821.6.)

### FOURTEENTH AFFIRMATIVE DEFENSE

15   At no time relevant to this litigation did these answering
16 Defendants or any of them violate any statute or enactment
17 designed or intended to protect the Plaintiffs and/or their
18 decedent against the harm for which the Plaintiffs seek damages
19 nor was any statute or enactment specified by the Plaintiffs
20 and/or their decedent in their Complaint designed to create a
21 civil cause of action for persons in the Plaintiffs and/or their
22 decedent's position.

### FIFTEENTH AFFIRMATIVE DEFENSE

24   Plaintiffs and/or their decedent's claims are barred by the
25 doctrine of qualified immunity, including without limitation, the
26 discretionary functions engaged in by these answering Defendants
27 or any of them.
28 ///

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs and/or their decedent's claims are barred by the doctrine of absolute immunity based on the judicial and/or quasi-judicial functions of these answering Defendants or any of them, including without limitation the fact that all relevant conduct was judicially directed, approved, and/or ratified.

### SEVENTEENTH AFFIRMATIVE DEFENSE

These answering Defendants and each of them are immune from liability under Government Code section 820.2.

### EIGHTEENTH AFFIRMATIVE DEFENSE

All of these answering Defendants' actions towards Plaintiffs and/or their decedent were conducted with due care in the execution or enforcement of laws.

### NINETEENTH AFFIRMATIVE DEFENSE

These answering Defendants and each of them are not liable for any injuries caused by the act or omission of another person pursuant to Government Code section 820.8.

### TWENTIETH AFFIRMATIVE DEFENSE

These answering Defendants and each of them are immune from liability for any injuries or damages caused by any negligent or intentional misrepresentations.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

These answering Defendants and each of them reserve for a later date, subsequent motion, and/or trial any and all affirmative defenses or immunities of the California Tort Claims Act or otherwise that are available or which, by passage of time, the discovery process, or otherwise, become applicable to the present factual situation or otherwise become ripe.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

These answering Defendants and each of them allege and claim all rights, defenses, and immunities granted by virtue of California Government Code sections 810 through 996.6, inclusive, and any other immunities, rights, and defenses provided by law, and the rights, defenses, and immunities granted by such Government Code sections shall not be limited or diminished by the other Government Code sections previously asserted as affirmative defenses.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

These answering Defendants and each of them are entitled to recover reasonable expenses, including attorney's fees, from the Plaintiffs and their counsel in that the Plaintiffs' Complaint on file herein is frivolous and was brought and maintained in bad faith and without reasonable cause, is totally and completely without merit, and was brought for the sole purpose of harassing these answering Defendants and each of them.  (Gov. Code, §§ 128.5 and 1021.7.)

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

These answering Defendants and each of them are entitled to recover reasonable expenses, including attorney's fees, from the Plaintiffs and their counsel in that they, at the time the Complaint herein was filed and during its maintenance and to the extent that it includes causes of action filed under the California Tort Claims Act, did not have a good faith belief that there was a justifiable controversy under the facts and law which warranted the filing of the Complaint, and therefore, the Complaint was filed and maintained in bad faith and without

1 | reasonable cause.  (Code Civ. Proc., § 1038.)

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint fails to state a cause of action due to the fact that Plaintiffs lack standing.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint fails to establish that these answering Defendants' alleged conduct violated a cognizable interest under 42 U.S.C. § 1983.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiffs take nothing in this action and their Complaint be dismissed with prejudice;

2. For costs of suit allowed by law;

3. For attorney's fees allowed by law; and

4. For such other relief as the Court deems proper.

Dated: March 4, 2011          JOHN M. LUEBBERKE
                              CITY ATTORNEY


                              BY*/s/ Lori M. Asuncion*
                                LORI M. ASUNCION
                                DEPUTY CITY ATTORNEY

                              Attorneys for Defendants

DEFENDANTS CITY OF STOCKTON, ET AL.'S ANSWER TO COMPLAINT FOR DAMAGES