JOHN M. LUEBBERKE City Attorney
State Bar No. 164893
LORI M. ASUNCION, Deputy City Attorney
State Bar No. 238240
425 N. El Dorado Street, Second Floor
Stockton, California 95202
Telephone: (209) 937-8333
Facsimile: (209) 937-8898

Attorneys for Defendants

JOHN L. BURRIS, ESQ. SBN 69888
BENJAMIN NISENBAUM, ESQ. SBN 222173
Law Offices of John L. Burris
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, CA 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-5221

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABEL BEL MONTEZ; ISABEL BEL MONTEZ, Guardian Ad Litem for I.G. AND J.G., minors; JOSEPH GARCIA SR.: ESTATE OF JOSEPH GARCIA,<br>    Plaintiffs,<br>vs.<br>CITY OF STOCKTON, a municipal corporation; CITY OF STOCKTON POLICE DEPARTMENT; BLAIR ULRING in his capacity as CHIEF OF POLICE for the CITY OF STOCKTON POLICE DEPARTMENT; DOES 1-100, Inclusive; individually and in their capacities as POLICE OFFICERS for CITY OF STOCKTON POLICE DEPARTMENT,<br>    Defendants. | CASE NO. 2:10-CV-03149 MCE-EFB<br><br>**JOINT STATUS REPORT** |

Pursuant to this Court's Order filed herein on November 22, 2010, Defendants CITY OF STOCKTON, CITY OF STOCKTON POLICE DEPARTMENT, AND BLAIR ULRING in his capacity as CHIEF OF

1

POLICE for the CITY OF STOCKTON POLICE DEPARTMENT (hereinafter "Defendants") and Plaintiffs ISABEL BEL MONTEZ, ISABEL BEL MONTEZ, Guardian Ad Litem for I.G. and J.G., minors, and JOSEPH GARCIA, SR.: ESTATE OF JOSEPH GARCIA (hereinafter "Plaintiffs") hereby submit the following Joint Status Report:

**(a)   Name of the Party Counsel Represents:**

Benjamin Nisenbaum          Plaintiffs

Lori M. Asuncion            Defendants

**(b)   Summary of the Facts:**

<u>Plaintiff's summary of facts:</u>

At the outset, it must be noted that Plaintiffs pre-litigation requests for the police reports and coroner's report in this case were denied prior to the filing of the instant complaint. Plaintiffs will amend their Complaint once sufficient discovery has been accomplished to do so, specifically after the police reports and statements and the coroner's report have been produced.

On October 3, 2009, Decedent Joseph Garcia, Jr. was smoking with two other residents in front of St. Mary's Homeless Shelter, where Decedent had been staying the previous two weeks. The night manager at St. Mary's Homeless shelter called 911. The exact reasons for the 911 call are unknown to Plaintiffs, but Plaintiffs are informed and believe that it had to do with Decedent smoking in front of the shelter after he had signed in for the evening.

Defendant Officer DOES 1 and 2 arrived, detained Decedent, handcuffed and searched him, and apparently arrested him. They placed Decedent in the rear of their patrol vehicle to transport

him to jail in French Camp.

Prior to arriving at jail in French Camp, Decedent was injured in the rear of the patrol vehicle, resulting in significant facial bruising and lacerations to Decedent's face.

At jail, Decedent was removed from the patrol vehicle, examined by medical intake staff, and was not cleared for incarceration due to his obvious facial injuries, which required medical attention at a hospital.

Defendant Officers, whose identities remain unknown to Plaintiffs' counsel, restrained Decedent on the ground as they escorted him back to their patrol vehicle at the jail in French Camp.  Decedent died during the restraint.

Although the coroner's report has not been released to Plaintiffs' counsel, the death certificate prepared by the Deputy Coroner on November 20, 2009 initial listed Decedents' cause of death as "pending investigation."  The statement of corrections on death certificate identifies death as being caused by "cardiac arrythmia" (this means Decedent's heart stopped beating), with underlying hypertrophic cardiomyopathy.  Phencyclidine (PCP) intoxication and "violent struggle with police" are secondary causes of death listed on the death certificate.

Plaintiffs are Decedent's mother and successor-in-interest, ISABEL BEL MONTEZ, Decedent's children, minor plaintiffs I.G. and J.G., and Decedent's father JOSEPH GARCIA, SR.

///
///
///
///

Defendants' summary of facts:

On or about October 3, 2009, the police were called to a shelter on Church Street by a Shelter Aid named Harold Duane Thornton who was familiar with the decedent from prior incidents. Mr. Thornton advised the 9-1-1 dispatch that Garcia looked and acted like he was on PCP and asked that the police respond because of a prior incident when Garcia was on PCP. When the police arrived, Garcia did not fight and was taken to the patrol car without incident though he seemed confused.

Throughout the car ride to the jail, Garcia became agitated and yelled, screamed, and kicked in the back seat. At the jail, once out of the car Garcia continued to "thrash around" and the police were advised by the jail nurse he needed to be taken to the hospital for pre-book. On the way to the car, Garcia became combative and was taken to the ground. When Garcia stopped struggling, the officers at first thought he was complying but noticed he was not struggling or breathing and turned him over to check for a pulse and called for medics because he was unresponsive. The jail nurse would not assist because she stated she could not leave inside of the jail.

Officers administered CPR until medics arrived. Garcia was pronounced dead at the hospital and the autopsy revealed that he had an enlarged heart and that the death was related to cardiac myopathy.

**(c)   Service of Process:**

All defendants have been served, and an Answer was filed on March 4, 2011.

///

**(d)   Possible Joinder of Additional Parties:**

No joinder is anticipated by Defendants at this time.

**(e)   Amendment of Pleadings:**

Plaintiffs will amend their Complaint once they have received the police investigation into the subject-incident, and the coroner's report.  Plaintiffs expect it will take a minimum of 45 days from the date of the joint status conference to perfect the Complaint, assuming timely and complete responses to discovery requests.  Should motions to compel discovery be required to obtain the requested information, it would take significantly longer to amend the Complaint.

**(f)   Jurisdiction and Venue:**

Jurisdiction is premised on 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343. Venue is proper because the acts complained of are alleged to have occurred in this district.

**(g)   Motions:**

Defendants may file and serve motions to compel discovery, if necessary and motions in limine. Defendants may also move for summary judgment after close of discovery. Defendants do not anticipate filing any other motions but reserve the right to do so.

Plaintiffs may seek to compel discovery responses should it be necessary, but otherwise do not anticipate filing of other motions up to the point pre-trial documents are to be submitted.

**(h)   Discovery and the Scheduling Thereof:**

Discovery has not yet commenced. The parties anticipate interrogatories, request for production of documents, request for admissions, and depositions.  The parties do not anticipate the

need for a special discovery order other than a discovery schedule.

The parties' Initial Disclosure Statements and exchange of documents should be completed by April 26, 2011.

**(i) Future Proceedings/Discovery and Law and Motion Cut-off Dates/Trial:**

The parties suggest the following schedule:

| | |
|---|---|
| Discovery cut-off (including discovery motions) | June 30, 2012 |
| Last day to hear law and motion | November 30, 2012 |
| Expert Exchange | June 30, 2012 |
| Rebuttal Expert Witness Exchange | July 15, 2012 |
| Completion of Discovery-Expert Witness | September 30, 2012 |
| Pretrial Conference | November 18, 2012 |
| Trial | January 2013 |

**(j) Special Procedures:**

The parties consent to submitting discovery matters and settlement and/or mediation conferences to a Magistrate Judge, but not for other purposes in this action.

**(k) Trial by Jury:**

Plaintiffs and Defendants have requested a jury trial.

**(l) Estimate of Trial Time:**

This action should take approximately five (5) to seven (7) days for trial.

**(m) Modification of Standard Pretrial Procedures:**

None.

**(n) Relation to Any Other Case:**

The parties are unaware of any related cases pending at the present time.

1    **(o)  Stipulation to Trial Judge Acting as Settlement Judge:**

2    The parties prefer to have any future scheduled settlement
3    conference held before a judge other than the trial judge.

4    **(p)  Voluntary Dispute Resolution Program:**

5    Counsel for Defendants prefers to conduct some discovery
6    before considering participating in a possible arbitration or
7    mediation.  Plaintiff are fine with referral to mediation, after
8    the Complaint is perfected and the named Defendant Officers are
9    deposed, along with any material witnesses to the Defendants use
10   of force.

11   **(q)  Other Matters:**

12   The parties are unaware of any other matters at this time.

13   Dated: April 12, 2011          JOHN M. LUEBBERKE
                                    CITY ATTORNEY
14

15                                  BY*/s/ Lori M. Asuncion*
                                       LORI M. ASUNCION
16                                     DEPUTY CITY ATTORNEY

17                                  Attorneys for Defendants

18   Dated: April 12, 2011          LAW OFFICES OF JOHN L. BURRIS

19                                  BY*/s/ Benjamin Nisenbaum*
                                       BENJAMIN NISENBAUM
20                                     Attorney for Plaintiffs

JOINT STATUS REPORT